IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVE D. GREER, a/k/a DAVID DUANE GREER, | § § § | |
| Petitioner, | § § § | |
| v. | § | CIVIL ACTION NO. H-18-2162 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this habeas petition challenging his prison disciplinary conviction. Respondent filed a motion for summary judgment (Docket Entry No. 16), to which petitioner filed a response (Docket Entry No. 22).

Having considered the motion, the response, the record, the pleadings, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons explained below.

### I. BACKGROUND AND CLAIMS

Petitioner states that he was found guilty of possessing dried mushrooms as an intoxicating inhalant, and sanctioned with commissary, recreational, and telephone restrictions, reduction in line class, and loss of thirty days' good time credit. His administrative appeals were denied.

Because petitioner lost good time credit and is eligible for mandatory supervised release under state law, he was entitled to due process under *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974), and its progeny. *See Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000).

In this federal habeas petition, petitioner claims he was denied due process in the following instances:[1]

1. The evidence was insufficient to support a finding of guilt that he "possessed an intoxicating inhalant, namely mushrooms in an onion bottle";

2. He did not receive the required written statement of the evidence relied upon by the disciplinary hearing officer;

3. The prison's investigation of the offense was impermissibly suggestive and showed bad faith in that the alleged intoxicating inhalant bottle was not tested or preserved as evidence; and

4. He was denied his due process right to an impartial decision-maker on administrative appeal.

Respondent argues that these claims are procedurally barred and/or have no merit and should be summarily dismissed.

## II. LEGAL STANDARDS

A. <u>Summary Judgment Standards</u>

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and

---

[1] Petitioner voluntarily withdrew his unexhausted claims regarding insufficient notice, *Brady* violations, and partiality of the hearing officer. (Docket Entries No. 20, 21.)

2

the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Id.* An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* In deciding a summary judgment motion, the reviewing court must construe all facts and inferences in the light most favorable to the nonmoving party. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

B.  Due Process Standards

When a state creates a right to time credit for good conduct, and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Wolff*, 418 U.S. at 557; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Consequently, petitioner here was entitled to the due process protections afforded him by *Wolff*.

In *Wolff*, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Wolff*, 418 U.S. at 561. Because prison disciplinary hearings are not part of a criminal prosecution, the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.* at 563–67.

C. <u>Sufficiency of the Evidence Standards</u>

Disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process. *Broussard v. Johnson*, 253 F.3d 874, 876–77 (5th Cir. 2001). "The goal of this standard—variously a 'modicum of evidence,' 'any evidence,' or 'some evidence'—is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001). Therefore, a habeas court will not disturb the findings of a prison disciplinary hearing unless the findings are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.

1995). Further, habeas courts are not to assess the weight of the evidence when reviewing prison disciplinary proceedings. *Hudson*, 242 F.3d at 537.

## III. ANALYSIS

Petitioner raises the following challenges to his disciplinary conviction.

### A. Insufficiency of the Evidence

Petitioner alleges that the evidence was insufficient to support the disciplinary conviction. Specifically, he argues that the bottle contained peppers, not dried mushrooms, and that no laboratory tests were run on the bottle's contents to prove they were intoxicating inhalant dried mushrooms.

Sufficiency of the evidence requirements for prison disciplinary convictions are limited to whether "some evidence" of guilt was presented at the disciplinary hearing. *Broussard*, 253 F.3d at 876–77. The charging officer reported that, during a shakedown of petitioner's cell, a bottle of intoxicating inhalant dried mushrooms was found in his locker. (Docket Entry No. 17-2, p. 5.) When confronted by prison officers, petitioner claimed that the bottle contained dehydrated peppers he had obtained from the chow hall. *Id.*, pp. 3, 5. At the disciplinary hearing, petitioner stated that the he did not eat the peppers because they were moldy, and that they looked and smelled just like mushrooms. *Id.*, pp. 8–9. The charging officer testified that she was personally familiar with the smell of mushrooms, and that the bottle contained mushrooms. *Id.*, p. 9. Petitioner admits that the charging officer testified at the hearing that the dried mushrooms were intoxicating inhalant mushrooms, but

5

argues that no laboratory tests were undertaken to prove it. (Docket Entry No. 22, p. 3.) At closing argument, petitioner stated that he was under the impression that inhalants are inhaled and that mushrooms are consumed, not inhaled. *Id.* Petitioner requested leniency and pre-hearing detention credit. *Id.* The disciplinary hearing officer found petitioner guilty, and imposed loss of privileges, reduction in class, and loss of 30 days' good time credit. *Id.*

Contrary to petitioner's arguments, the offense report and the officer's testimony that the bottle contained intoxicating inhalant mushrooms were sufficient to support the charged offense. Although petitioner disputes the evidence and claims that the contents were peppers, this Court may not weigh the evidence. *Hudson*, 242 F.3d at 537. Petitioner complains that he was unprepared to present evidence controverting the bottle's contents as intoxicating inhalants. However, his defense at the hearing had been that the bottle contained dehydrated peppers; he did not argue that the contents were *non*-intoxicating inhalant dried mushrooms.

Petitioner has not demonstrated that he was denied due process or that the challenged disciplinary conviction fails for lack of sufficient evidence. Accordingly, respondent is entitled to summary judgment and petitioner's claim must be dismissed.

B. No Written Statement of the Evidence

Petitioner next claims that he was denied his due process right to a written statement of the evidence relied upon by the disciplinary hearing officer. The disciplinary hearing record shows that, at the end of the hearing, petitioner received a copy of the written

statement (Docket Entry No. 17-2, p. 1). The hearing officer noted that petitioner was "in restraints" and unable to sign the receipt form. *Id.*

Regardless, respondent correctly argues that petitioner did not exhaust this claim through the prison grievance appeal process. (Docket Entry No. 16, pp. 8–9.) A review of petitioner's step 1 and step 2 grievance appeals reflects petitioner's challenges to the evidence and other various complaints, but no argument regarding failure to receive a written statement of the evidence. (Docket Entry No. 17-1, pp. 1–2.) Accordingly, the claim has been procedurally defaulted. Petitioner presents no grounds to overcome the procedural default, and this Court may not consider this claim.

Petitioner has not demonstrated that he was denied due process. Accordingly, respondent is entitled to summary judgment and petitioner's claim must be dismissed.

C. <u>Bad Faith Investigation</u>

Petitioner argues that prison officials undertook an impermissibly suggestive investigation of the disciplinary charges and acted in bad faith because they did not test the contents of the bottle or preserve the contents for the hearing.

These complaints do not raise cognizable grounds for federal habeas relief in context of a prison disciplinary conviction. Petitioner enjoyed no federal due process right to demand laboratory testing of the bottle's contents, and prison officials were not required to undertake such actions. Moreover, because the charging officer testified at the disciplinary hearing that she was familiar with mushrooms and that the bottle contained intoxicating

7

inhalant mushrooms, petitioner fails to establish that he was harmed by any destruction of the bottle and contents. He does not show that the bottle and contents were potentially useful evidence for purposes of the hearing or that failure to preserve the items affected the outcome of the hearing.

Petitioner proffers only conclusory allegations in support of his claims for bad faith and an impermissibly suggestive investigation. His conclusory allegations do not constitute probative summary judgment evidence, and respondent is entitled to summary judgment dismissal of the claims.

D. Partiality of Administrative Reviewer

Petitioner argues that he was denied an impartial decision maker during his step 1 and step 2 grievance appeals process and that his grievances were not sufficiently investigated. His arguments raise no cognizable federal habeas claims.

It is well established that inmates are afforded certain due process protections in prison disciplinary proceedings. *Wolff*, 418 U.S. at 557; *Malchi*, 211 F.3d at 957–58. However, procedural due process protections have not been extended by the federal courts to the post-disciplinary conviction grievance appeal process. To the contrary, the Fifth Circuit has made clear that prisoners do not have a federally protected liberty interest in having prison grievances resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Because an inmate has no cognizable liberty interest, "any alleged due

process violation arising from the alleged failure to investigate [inmate] grievances is indisputably meritless." *Id.*

Petitioner's claims that he was denied due process during the prison grievance appeal process warrants no habeas relief, and respondent is entitled to summary judgment dismissal of these claims.

## IV. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 16) is **GRANTED** and the habeas petition is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 13th day of November, 2018.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE